Filed 10/8/21  P. v. Sango CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>STACEY ADAM SANGO,<br><br>Defendant and Appellant. | F079590<br><br>(Super. Ct. No. F18905120)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Stacey Adam Sango was convicted by jury of assault with force likely to cause great bodily injury.  He now challenges that conviction claiming the trial court erroneously excluded evidence relevant to determining the force with which he

committed the assault. He also takes issue with certain fines and fees imposed as part of his sentence. We affirm.

## BACKGROUND

### Charges

The Fresno County District Attorney charged Sango with two crimes, felony domestic violence (Pen. Code,[1] § 273.5, subd. (a); Count 1) and felony assault (§ 245, subd. (a)(4); Count 2). The charges included enhancements for great bodily injury (§ 12022.7) and various prior convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), & 667, subd. (a).)

### Trial Evidence

The victim testified she was involved in a friendly, sometimes sexual, relationship with Sango. Late one evening, Sango arrived at the victim's apartment. An altercation occurred and Sango "punched" the victim "in [the] face" with "full force." She suffered a broken jaw.

Sango testified and admitted striking the victim. He claimed, however, he merely "slapped" her in an attempt to "get her out [of] the way."[2] He denied hitting her forcefully.

### Verdict and Sentence

Sango was acquitted of felony domestic violence (Count 1) and found guilty of battery[3] and assault with force likely to cause bodily injury (Count 2). The jury found true the great bodily injury enhancement, and the court later found true the prior convictions. Sango was sentenced to serve 16 years in state prison.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Sango testified he swung at the victim "because [he] didn't want to have [to] deal with her" if he needed to "fight" another male in the apartment. He acknowledged the other male "didn't do anything physical … at all."

[3] Battery was a lesser included offense to Count 1.

2.

As part of the sentence, the court imposed several monetary obligations after considering Sango's "ability to pay" and "ability to earn income in the custodial facility …." Those obligations included paying a $4,000 restitution fine, a $40 operation fee, and a $30 conviction fee.[4]

## ANALYSIS

On appeal, Sango claims the trial court erred in excluding evidence the victim suffered from brittle bones due to methamphetamine use. He also challenges the above-described fines and fees. We find no error.

### I. The Evidence Was Properly Excluded

Sango argues the "jury should have been allowed to consider evidence suggesting [the victim] had unusually brittle bones [due to methamphetamine use] because it was relevant to the amount of force [he] used when he hit her." We disagree. While "unusually brittle bones" is certainly relevant to the force necessary to break such a bone, there was no evidence the victim's bones were brittle.

#### A. Additional Background

In excluding the evidence at issue, the court stated, "[T]here's been no evidence of" the victim suffering from "weakened jawbones." "[F]or that reason" the court found the evidence "irrelevant." Alternatively, it found "lack of foundation" because there was no evidence the proffered witness[5] "ha[d] any expertise in osteopathy."

#### B. Analysis

"Relevant evidence is that which has 'any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action.' (Evid. Code, § 210.) Relevance is established when the evidence tends ' " ' "logically, naturally, and

---

[4] These fines were imposed pursuant to sections 1202.4, 1465.8, and Government Code, section 70373, respectively.

[5] Sango sought to introduce this evidence through an emergency room physician who testified at the trial.

by reasonable inference" ' " ' to establish material facts, such as motive, intent, or identity. [Citation.] When the relevance of proffered evidence depends on the existence of a disputed material fact or facts, the proponent of that evidence bears the burden of establishing all preliminary facts pertinent to the question of relevance. (Evid. Code, § 403, subd. (a)(1); *People v. Kaurish* (1990) 52 Cal.3d 648, 693.) The disputed evidence is inadmissible unless the court finds evidence sufficient to sustain a finding that those pertinent preliminary facts exist. (Evid. Code, § 403.) The trial court is accorded broad discretion in determining the relevance of evidence." (*People v. Lucas* (2014) 60 Cal.4th 153, 229.)

"We review a trial court's rulings on the admission and exclusion of evidence under the abuse of discretion standard." (*People v. Thompson* (2010) 49 Cal.4th 79, 128.) " '[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. McDowell* (2012) 54 Cal.4th 395, 430.) " '[W]e review the ruling, not the court's reasoning and, if the ruling was correct on any ground, we affirm.' " (*People v. Zamudio* (2008) 43 Cal.4th 327, 351, fn.11.)

There is no error in this case. The court concluded the evidence was irrelevant because there was no preliminary evidence the victim suffered from the condition Sango alleged. This conclusion is eminently reasonable.[6]

Sango's attempt to establish the victim suffered from brittle bones due to methamphetamine use was based on pure speculation.[7] " '[S]peculation is not

---

[6] Sango faults the trial court for not holding an evidentiary hearing (Evid. Code, § 402) regarding this evidence. His counsel, however, did not request a hearing, and the court had no duty to hold one. (*David v. Hernandez* (2017) 13 Cal.App.5th 692, 700.)

[7] To be fair, there was *some* evidence relating to tooth decay. There was not, however, any evidence relating to its cause.

evidence ….' " (*People v. Waidla* (2000) 22 Cal.4th 690, 735.)  Accordingly, the court did not abuse its discretion and Sango's challenge fails.

## II.  The Fines and Fees Were Properly Imposed

"[A] defendant bears the burden of proof on [ability to pay].  [Citations.]  Thus, … upon proper objection, the court must hold a hearing at which defendant will have an opportunity to bear his burden of proof on the issue of ability to pay." (*People v. Cowan* (2020) 47 Cal.App.5th 32, 49-50 (*Cowan*).)  "[A] defendant forfeits a challenge to the trial court's imposition of a restitution fine above the statutory minimum for failing to consider his or her ability to pay if the defendant did not object in the trial court." (*People v. Smith* (2020) 46 Cal.App.5th 375, 395.)

Here, "[b]ecause the [$4,000] restitution fine the trial court imposed far exceeded the statutory minimum of $300, [Sango] had the opportunity to argue he was unable to pay it, but he did not.  By failing to object and argue he did not have the ability to pay the … restitution fine, [Sango] forfeited the argument the court violated his constitutional rights by imposing the fine without considering his ability to pay."[8] (*People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1033.)  "By failing to object to the [$4,000] restitution fine … [Sango] left no doubt he would not have challenged the much lower assessments …." (*Id.* at p. 1034.)

In any event, the trial court expressly considered ability to pay in setting the restitution fine.[9]  Although Sango takes issue with the court considering *future* ability to

---

[8] In setting a restitution fine above the statutory minimum, a trial court is required to consider "the defendant's inability to pay ..."  (§ 1202.4, subd. (d).)

[9] Sango bases his argument on *People v. Dueñas* (2019) 30 Cal.App.5th 1157.  He was sentenced after that case was decided.

5.

pay, such consideration is proper.[10]  (*Cowan, supra,* 47 Cal.App.5th at p. 49.)  We find no error in the court's decision to impose these fines and fees.

## DISPOSITION

The judgment is affirmed.

SNAUFFER, J.

WE CONCUR:


POOCHIGIAN, ACTING P.J.


SMITH, J.

---

[10] Sango criticizes the trial court for "[s]peculati[ng]" about "earn[ed] wages [in] prison …."  He also describes prison wages as "paltry …."  Frankly, paltry might well fairly describe the wages, but we cannot conclude the court denied Sango due process in considering them.

Finally, despite mentioning the Eighth Amendment, Sango makes no attempt to flesh out any specific violation.  We decline to address the claim.  (*Hoffman v. Young* (2020) 56 Cal.App.5th 1021, 1029 [unsupported appellate arguments are waived].)  Nonetheless, an approximately $4,000 total fine is not disproportionate to a broken jaw.  (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728 [proportionality is the touchstone of Eighth Amendment analysis]; see *People v. Potts* (2019) 6 Cal.5th 1012, 1056 [$10,000 restitution fine not invalid due to inability to pay].)